WO                                                                                                                                    MDR

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Donimic T. Brooks, | No.  CV 13-485-PHX-RCB  (BSB) |
| Plaintiff, | |
| vs. | **O R D E R** |
| State of Hawaii, et al., | |
| Defendants. | |

I.      **Procedural History**

On January 10, 2013, Plaintiff Donimic T. Brooks, a State of Hawaii inmate who is confined in the Corrections Corporation of America's Saguaro Correctional Center, filed a document entitled "HRPP Rule 40(c)(2)(3) Form and content, (2) Nonconforming Petition, (3) Separate Cause of Action"  ("Complaint") (Doc. 1-2) and a Motion for Summary Judgment (Doc. 1-4 at p. 7) in the Circuit Court of the First Circuit of the State of Hawaii.  On January 18, 2013, the Hawaii Circuit Court ordered all documents in the case to be reassigned as a civil proceeding and served on Defendant State of Hawaii Department of Public Safety.  On March 4, 2013, Defendant State of Hawaii filed a Notice of Removal, removing the case to the United States District Court for the District of Hawaii.

In a March 7, 2013 Order, United States District Court Judge Leslie E. Kobayashi concluded that removal was appropriate because Plaintiff was alleging that Defendants had violated the United States Constitution and laws.  Judge Kobayashi transferred the

case to the United States District Court for the District of Arizona pursuant to 28 U.S.C. § 1404(a).  The case was assigned to the undersigned.

On March 20, 2013, Plaintiff filed a Motion for Default Judgment (Doc. 8).  On March 27, 2013, Defendant State of Hawaii filed a Response.  On April 8, 2013, Plaintiff filed a Reply.  On April 18, 2013, Plaintiff filed a "Motion to Show Cause for Preliminary Injunction and or a Temporary Restraining Order" (Doc. 11).

**II.     Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).  If the Court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the action.  *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*).

Local Rule of Civil Procedure 3.4 requires, in part, that "[a]ll complaints . . . by incarcerated persons shall be signed and legibly written or typewritten on forms approved by the Court and in accordance with the instructions provided with the forms."  Plaintiff's Complaint is not on the court-approved form.

The Court may, in its discretion, forgo the requirement that a plaintiff use a court-approved form.  *See* LRCiv 3.4.  The Court will require use of the court-approved form because Plaintiff's Complaint does not substantially comply with the court-approved form.  Plaintiff's Complaint will therefore be dismissed without prejudice, with leave to amend, in order for Plaintiff to file an amended complaint on a court-approved form.

**III.    Leave to Amend**

Within 30 days, Plaintiff may submit a first amended complaint on a court-approved form.  The Clerk of Court will mail Plaintiff a court-approved form to use for

1   filing a first amended complaint.  If Plaintiff fails to use the court-approved form, the

2   Court may strike the amended complaint and dismiss this action without further notice to

3   Plaintiff.

4        Plaintiff must clearly designate on the face of the document that it is the "First

5   Amended Complaint."  The first amended complaint must be retyped or rewritten in its

6   entirety on the court-approved form and may not incorporate any part of the original

7   Complaint by reference.  Plaintiff may include only one claim per count.

8        A first amended complaint supersedes the original complaint.  *Ferdik v. Bonzelet*,

9   963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner & Co.*, 896

10  F.2d 1542, 1546 (9th Cir. 1990).  After amendment, the Court will treat an original

11  complaint as nonexistent.  *Ferdik*, 963 F.2d at 1262.  Any cause of action that was raised

12  in the original complaint is waived if it is not raised in a first amended complaint.  *King v.*

13  *Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

14  **IV.   Pending Motions**

15       **A.     Motion for Summary Judgment**

16       In his Motion for Summary Judgment, Plaintiff seeks summary judgment as to the

17  liability of three Defendants.  In light of the Court's dismissal of the Complaint for failure

18  to comply with Local Rule of Civil Procedure 3.4, the Court will deny as moot Plaintiff's

19  Motion for Summary Judgment.

20       **B.     Motion for Default Judgment**

21       In his Motion for Default Judgment, Plaintiff alleges that he is entitled to a default

22  judgment because Defendants have failed to answer or otherwise respond.  Defendants

23  are not required to answer a prisoner's § 1983 complaint until the Court has completed

24  the screening process and has required Defendants to file an answer.  *See* 42 U.S.C.

25  § 1997e(g).  Thus, the Court will deny the Motion for Default Judgment.

26  . . . .

27  . . . .

28  . . . .

**C.** **"Motion to Show Cause for Preliminary Injunction and or a Temporary Restraining Order"**

An injunction or temporary restraining order is appropriate to grant intermediate relief of the same character as which may be granted finally, and relief is not proper when requested on matters lying wholly outside the issues in suit. *See DeBeers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945); *Kaimowitz v. Orlando, Fla.*, 122 F.3d 41, 43 (11th Cir.), *amended*, 131 F.3d 950 (11th Cir. 1997). To obtain injunctive relief, the party "must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994).

Because the Court has dismissed the Complaint, the Court cannot determine at this time whether the relief requested in the "Motion to Show Cause for Preliminary Injunction and or a Temporary Restraining Order" relates to the conduct that will be asserted in the amended complaint. Thus, the Court will deny without prejudice Plaintiff's "Motion to Show Cause for Preliminary Injunction and or a Temporary Restraining Order."

**V.** **Warnings**

**A.** **Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

**B.** **Copies**

Plaintiff must submit an additional copy of every filing for use by the Court. *See* LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

**C.** **Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. *See Ferdik*, 963

F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)     Plaintiff's "HRPP Rule 40(c)(2)(3) Form and content, (2) Nonconforming Petition, (3) Separate Cause of Action"  ("Complaint") (Doc. 1-2) is **dismissed** for failure to file on the court-approved form.  Plaintiff has **30 days** from the date this Order is filed to file a first amended complaint in compliance with this Order.

(2)     If Plaintiff fails to file an amended complaint within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action without prejudice.

(3)     Plaintiff's Motion for Summary Judgment (Doc. 1-4 at p. 7) is **denied without prejudice as moot.**

(4)     Plaintiff's Motion for Default Judgment (Doc. 8) is **denied**.

(5)     Plaintiff's "Motion to Show Cause for Preliminary Injunction and or a Temporary Restraining Order" (Doc. 11) is **denied without prejudice**.

(6)     The Clerk of Court must mail Plaintiff a court-approved form for filing a civil rights complaint by a prisoner.

DATED this 10th day of May, 2013.

Robert C. Broomfield
Senior United States District Judge