WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dominic T. Brooks,<br><br>           Plaintiff,<br><br>vs.<br><br>State of Hawaii, et al.,<br><br>           Defendants. | No.  CV 13-0485-PHX-RCB (BSB)<br><br>**O R D E R** |

Plaintiff brought this civil rights case under 42 U.S.C. § 1983 against employees of the Saguaro Correctional facility in Eloy, Arizona, the Corrections Corporation of America and other defendants. (Doc. 15, First Amend. Compl. (FAC).) Defendants Griego and Thomas have filed a Motion to Dismiss for lack of exhaustion, which Plaintiff opposes.[1] (Docs. 22, 24, 25.[2])

The Court will grant the Motion and terminate the action.

**I.    Background**

On screening the FAC, the Court determined that Plaintiff stated a claim for retaliation in violation of the First Amendment. Plaintiff alleges that he studies both the Christian and Muslim religions and voluntarily participated in the "life principle/faith pod program," aka the Life Principles Community Program (LPCP), which is Christian-based

---

[1] Plaintiff was advised pursuant to *Wyatt v. Terhune*, 315 F.3d 1108, 1120, n.14 (9th Cir. 2003), of his obligation to respond and the requirements of his response. (Doc. 23.)

[2] Plaintiff submits two responses.

but accepts inmates of all faiths. He asked the program leader why the prison only offered a Christian-based program; Griego told him that the curriculum came from CCA, the program was voluntary, and Plaintiff could leave the program if he did not like it. The following day, Thomas told Plaintiff that he should stop asking questions or he would be removed from the program or put into segregation. Plaintiff then filed an inmate request inquiring as to why there were no faith-based programs for other religions. His unit manager responded to the inmate request, which was delivered by Griego, who told Plaintiff that he was being removed from the faith pod and that Plaintiff was lucky he was not being placed into segregation. Plaintiff then submitted an informal resolution form, claiming that his right to practice and study Islam was being hindered in the faith pod, that Griego had removed him from the pod, and that Griego and Thomas had threatened him.

Plaintiff was not satisfied with the grievance officer's response and filed a grievance. While waiting for the response to his grievance, he met with Griego for an interview. Griego placed Plaintiff into segregation and charged him with hindering and failure-to-follow for attempting to provide false information and hindering the staff by lying. Plaintiff asserts that the charges stem from the contents of his grievance. Plaintiff was found guilty of the charges and, as a result, lost pay for six months and was placed in segregation for 60 days. Plaintiff appealed, and the hearing officer upheld the findings and penalty. Plaintiff submitted an appeal to Thomas, which Thomas denied.

The Court directed Thomas and Griego to answer the retaliation claim in Count I and dismissed the remaining claims and defendants. (Doc. 19.)

**II.     Exhaustion**

**A.     Legal Standard**

Under the Prison Litigation Reform Act (PLRA), an inmate must first exhaust "available" administrative remedies before bringing an action. *See* 42 U.S.C. § 1997e(a); *Vaden v. Summerhill*, 449 F.3d 1047, 1050 (9th Cir. 2006); *Brown v. Valoff*, 422 F.3d 926, 934-35 (9th Cir. 2005). He must complete the administrative review process in

accordance with the applicable rules. *See Woodford v. Ngo*, 548 U.S. 81, 92 (2006). Exhaustion is required for all suits about prison life, *Porter v. Nussle*, 534 U.S. 516, 523 (2002), regardless of the type of relief offered through the administrative process, *Booth v. Churner*, 532 U.S. 731, 741 (2001).

The defendant bears the burden of raising and proving the absence of exhaustion. *Wyatt*, 315 F.3d at 1119. Because exhaustion is a matter of abatement in an unenumerated Rule 12(b) motion, a court may look beyond the pleadings to decide disputed issues of fact. *Id.* at 1119-20. A court has broad discretion as to the method to be used in resolving the factual dispute. *Ritza v. Int'l Longshoremen's & Warehousemen's Union*, 837 F.2d 365, 369 (9th Cir. 1988) (quotation omitted).

**B.     Discussion**

**1.     Process**

In support of their motion, Defendants submit the affidavit of Grievance Coordinator Valenzuela (Doc. 22, Ex. A) and attachments, including CCA Policy 14-5 (*id.*, Attach. A), excerpts from the Inmate Handbook (*id.*, Attach. B), grievance documents (*id.*, Attach. E-F), and a memorandum of December 3, 2012 (*id.*, Attach. G).

Defendants provide evidence of a multi-level grievance process with time frames at each step, found in CCA Policy 14-5 and available in the Inmate Handbook, which is provided to the inmate when he arrives at the facility. (Valenzuela Aff. ¶¶ 8-9, 17-25.) Additionally, copies of the grievance policy are made available in the library and housing units. (*Id.* ¶ 9.) According to a September 8, 2008 memorandum, inmates are advised to attempt to resolve their problems *informally*, prior to filing a grievance; this is done by submitting a Request for Service at the Case Manager/Unit Manager level. (*Id.* ¶¶ 13, 17.) If an inmate is not satisfied, he may attempt to resolve the issue by completing a 14-5A Informal Resolution form, with a copy of the Request for Service attached, and submitting it to his Case Manager. (*Id.* ¶ 18.)

The Grievance Coordinator assigns a Case Manager to investigate the allegations. (*Id.* ¶ 20.) If the inmate is dissatisfied with the outcome of the informal resolution

process, he may file a formal grievance by filling out a 14-5B form with the Grievance Coordinator. (*Id.* ¶¶ 21-22.) The Grievance Coordinator investigates the complaint and renders a decision. (*Id.* ¶ 23.) The inmate has 5 days from the date he receives the decision to submit an appeal to the Warden. (*Id.* ¶ 24.) The Warden's decision is final and results in the exhaustion of administrative remedies. (*Id.* ¶ 25.)

### 2. Plaintiff's Grievances

Defendants contend that the Grievance Log, Plaintiff's grievance file, and the Inmate Request Forms show that on October 31, 2012, Plaintiff submitted Informal Resolution #12-10-12 regarding his removal from the Faith Pod. (Valenzuela Aff. ¶¶ 33, 34, Attach. E.) Plaintiff was dissatisfied with the response, and on November 19, 2012, submitted Formal Grievance #154-12 again, grieving his removal from the Faith Pod. Assistant Warden Bradley responded on November 21, 2012. (*Id.* ¶¶ 34, 36, Attach. F.) Plaintiff submits copies of the Inmate Request received on October 31, the Informal Resolution, and Grievance received on November 19. (Doc. 25, Exs. A-E.) The Appeal is not completed. (*Id.*, Ex. E.)

Defendants assert that Plaintiff failed to return or submit an appeal for Formal Grievance #154-12. (Valenzuela Aff. ¶ 38.) Valenzuela documented Plaintiff's failure to return Formal Grievance #154-12 in a memorandum dated December 3, 2012, indicating that Plaintiff's time to return case #154-12 was on November 26 and that Plaintiff instead chose to mail his packet to his lawyers before Saguaro could complete the process. (*Id.*) Plaintiff does not dispute this.

Plaintiff also submits an Inmate Request, dated December 1, 2012 and directed to Warden Thomas, complaining that he felt threatened by their conversation on October 23 regarding the faith pod. (Doc. 25, Ex. J.) In addition, he submits a Disciplinary Report and Disciplinary Appeals to the Warden regarding the failure-to-follow charge. (*Id.*, Exs. F-I, K.)

Plaintiff acknowledges that he completed the grievance process as far as the second step; then he was placed in segregation. (Doc. 25 at 1.) In his additional

1  response, Plaintiff claims that because his grievances had resulted in disciplinary charges
2  and due to fear of further retaliation, he pursued the appeal of his disciplinary charges.
3  (Doc. 24 at 1-2.)

4  The Court finds that Defendants have met their burden to establish the availability of an administrative grievance procedure and Plaintiff's failure to complete the grievance process for his retaliation claim.  First, Plaintiff admits that he followed through on the grievance only to the second step.  Thereafter, he filed disciplinary appeals.  But under the grievance procedure, disciplinary appeals use a different appeal procedure from standard grievances.  (Valenzuela Aff. ¶ 15.)  The PLRA requires exhaustion in accordance with the applicable rules.  *See Ngo*, 548 U.S. at 92.  And the due process claim related to the disciplinary charges was dismissed on screening.  (Doc. 19 at 7-10.)

12  Second, although Plaintiff suggests that he feared further retaliation, he asserted in his disciplinary appeals that he felt threatened by Defendants' conduct and does not explain why he did not fear retaliation for making such allegations in the disciplinary appeal process.  He also claims that he was placed into segregation and implies that he could not pursue the grievance appeal from there.  But Defendants assert that the grievance procedure is available regardless of the housing assignment.  Plaintiff does not, for example, claim that he requested forms and they were not provided or completed forms and they were refused.  Plaintiff's allegations are insufficient to demonstrate that the grievance process was, in fact, unavailable to him.[3]

21  The Court finds that Plaintiff failed to exhaust his administrative remedies in accordance with the applicable procedure.  Therefore, the Court will dismiss, without prejudice, Plaintiff's remaining claim.

24  ///
25  ///

---

[3] Plaintiff submits a sur-reply. (Doc. 27.) The Local Rules do not provide for a sur-reply. LRCiv 7.2. As to Plaintiff's argument that Defendant failed to answer the FAC, the Court's Order directed Defendants to answer or "otherwise respond by appropriate motion." (Doc. 27 at 1; Doc. 19 at 12.) Defendants' Motion to Dismiss is such an "appropriate motion."

1 **IT IS ORDERED**:

2     (1)    The reference to the Magistrate Judge is **withdrawn** as to Defendant Griego and Thomas's Motion to Dismiss (Doc. 22).

    (2)    Defendant Griego and Thomas's Motion to Dismiss (Doc. 22) is **granted**. Plaintiff's action is dismissed without prejudice for lack of exhaustion. The Clerk of Court must enter judgment accordingly.

    DATED this 22nd day of November, 2013,

_____
Robert C. Broomfield
Senior United States District Judge